IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK T. BLACK | No. 2:11-cv-02782-CMK |
| Plaintiff, | |
| vs. | ORDER |
| J. HANSEN, et al., | |
| Defendants. | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are two motions from plaintiff to compel further discovery responses from the defendants (Docs. 29, 35), and a motion to continue discovery (Doc. 39).  Defendants have filed an opposition to each of the motions to compel (Docs. 31, 37).

   If a party fails to answer an interrogatory or respond to request for production of documents, the propounding party may move for an order compelling a response.  Fed. R. Civ. Proc. 37(a)(3)(B).  The scope of discovery is generally governed by Federal Rule of Civil Procedure 26(b).  Rule 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead

1

to other matters that bear on, any issue that is in the case.  See <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 352 (1978) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947)). Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26.  See <u>id.</u> Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.  See <u>id.</u> at 351.  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.  See <u>id.</u>

Discovery may not, however, be obtained regarding matters which are privileged. See Fed. R. Civ. P. 26(b)(1).  Thus, if a discovery privilege exists, information may be withheld, even if relevant to the case.  See <u>Baldridge v. Shapiro</u>, 455 U.S. 345 (1982).  The question of privilege is determined by reference to the Federal Rules of Evidence.  See <u>Campbell v. Gerrans</u>, 592 F.2d 1054 (9th Cir. 1979).  Generally, questions of privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501.  However, in civil actions which do not raise a federal question, the question of privilege is determined by state law.  See Fed. R. Evid. 501. But, "when state privilege law is consistent, or at least compatible with, federal privilege law, the two shall be read together in order to accommodate the legitimate expectations of the state's citizens." <u>Pagano v. Oroville Hosp.</u>, 145 F.R.D. 683, 687 (E.D. Cal. 1993).

In addition, relevant non-privileged discovery may be limited if:  (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient; or (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  See Fed. R. Civ. P. 26(b)(2).

Here, plaintiff seeks an order for further responses to his request for production of

documents, and a verification to the answers provided in response to his interrogatories. In his first motion, he argues that defendants failed to respond to his August 12, 2013, request for production of documents and failed to provide the verification to their interrogatory answers. Defendants counter that timely responses to plaintiff's request for production of documents were sent to plaintiff, but in case he did not receive them a new response was sent following plaintiff's motion. Plaintiff did not file a reply to defendants' response, so it appears the documents and responses have now been received.

In plaintiff's second motion, he contends defendants failed to produce all of the documents requested. He does not raise any issue with the verification or interrogatories in his second motion. Defendants argue this second motion is untimely, and that they have fully responded to plaintiff's requests and produced the documents they have. They are correct that plaintiff's motion is untimely. However, the court will address the merits of the motion.

At issue in plaintiff's second motion to compel are two requests for production of documents from plaintiff's third set of requests. Plaintiff provides the defendants' responses to the requests as an exhibit to his second motion (Doc. 36). These requests and defendants' response thereto are as follows:

> REQUEST FOR PRODUCTION 1:
> All '*complete*' program status reports/plan of operations, for B-Facility at CSP-Sacramento between the dates of January 19, 2010 through December 28, 2010.
>
> RESPONSE TO REQUEST FOR PRODUCTION 1:
> Defendants produce as Attachment A, copies of all Program Status Memorandums issued to Facility B staff and inmate population from January 19, 2010 to December 28, 2010.
>
> REQUEST FOR PRODUCTION 2:
> All 'Martinez Reports,' in accordance to In re Arizona, 528 F.3d 652 (9th cir. 2008), in relation to the 'internal operating procedures' to be followed during a '*state of emergency/lockdown*;' the '*identification/classification*,' of specific '*security threat groups*,' and the implementation of '*modified program status*,' in relation to individual groups that are <u>not</u> involved in the incident in question.

3

> RESPONSE TO REQUEST FOR PRODUCTION 2:
> Defendants are not aware of, and do not have in their possession, custody, or control, any documents responsive to this request.

(Doc. 36 at 4).

As to his first request, plaintiff contends that he requested a complete plan of operations and all informational 'kites' received by or intercepted by staff. He states that the defendant denied him these documents because the information is not relevant to plaintiff's claim. However, in reading the plaintiff's request for documents he provided the court, plaintiff never requested informational 'kites' at all. As set forth above, he requested "program status reports/plan of operations." In their opposition, defendants contend documents responsive to this request were sent, and plaintiff was not denied the documents on the basis of relevance. None of plaintiff's motions or arguments show the defendants failed to provide responsive documents on the basis of relevance. Therefore, his arguments that the documents are relevant have no bearing on his motion. Similarly, plaintiff's contention that defendants failed to provide all of the "informational 'kites'" is undermined by the lack of showing that he actually requested such documents. The undersigned finds no basis on which to grant plaintiff's motion. It appears that defendants responded to plaintiff's request for production of documents by providing the documents actually requested. If the documents were not responsive to the request, plaintiff fails to meet his burden in showing the court that the documents were not received or were not responsive.

As to plaintiff's second request for documents, as set forth above, the defendants indicated they do not have any documents responsive to the request. Plaintiff contends this is unresponsive to his request, and that the defendants are undermining the discovery process in order to stop plaintiff from obtaining the necessary evidence to substantiate his claims.

Rule 34(a) allows a party to seek production of documents within "the responding party's possession, custody, or control." In moving to compel such a production, the burden is

4

on the party seeking discovery to produce facts showing the responding party has the requisite control over the documents requested. See Pitney Bowes, Inc. v. Kern Intern., Inc., 239 F.R.D. 62, 66 (D. Conn. 2006).

Here, plaintiff fails to meet his burden to show that the defendants are in possession or have control over the documents he requested. In fact, plaintiff does not even respond to the defendants' assertion that they lack possession of the documents. Rather, he only alleges the defendants are undermining the discovery process. As plaintiff failed to meet his burden, his motions to compel must be denied.

Finally, in plaintiff's third motion, he appears to be asking for a continuance of discovery and additional time to respond to the defendants' motion for summary judgment under Rule 56(d). See Fed. R. Civ. Proc. 56(d) (formerly 56(f)). Rule 56(d) allows the court to continue a motion for summary judgment if the "nonmovant shows by affidavit or declaration, for specified reasons, it cannot present facts essential to justify its opposition." Here, plaintiff states the basis for his request is the defendants' failure to produce the "Martinez-Reports" and informational kites. As discussed above, the defendants have indicated they are not in possession of any such reports, and are therefore unable to produce them. As to the informational kites, plaintiff failed to show he ever asked for these documents during discovery. As plaintiff's motion compel these documents are denied herein, the undersigned finds no reason to justify continuing the time for plaintiff's response.

The purpose of Rule 56(d) is to provide a device for litigants to avoid summary judgment where they have not had sufficient time to develop affirmative defenses. See Burlington Northern Santa Fe R. Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003). Thus, where a motion for summary judgment is filed very early in the litigation before a party has had any realistic opportunity to pursue discovery, Rule 56(d) motion should be granted freely. See id. Where, however, the party seeking a continuance has not diligently pursued discovery, the district court does not abuse its

1  discretion in denying a Rule 56(d) motion.  See id. at 773-74 (citing Wichita Falls Office Assoc.
2  v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992)).  A Rule 56(d) motion must be
3  brought before the summary judgment hearing.  See U.S. v. Kitsap Physicians Service, 314 F.3d
4  995, 1000 (9th Cir. 2002).  The facts supporting the request for continuance must be set forth in
5  an accompanying affidavit.  See id.  Failure to comply with either of these requirements is proper
6  basis for denying Rule 56(d) motion.  See id.

7         A Rule 56(d) motion should be granted where the party seeking the continuance
8  puts forth a good faith showing by affidavit that the continuance is needed to obtain facts
9  essential to preclude summary judgment.  See State of Cal., on Behalf of Cal. Dept. of Toxic
10 Substances Control v. Campbell, 138 F.3d 772, 775 (9th Cir. 1998).  The party seeking to
11 conduct additional discovery under Rule 56(d) has the burden of demonstrating that the evidence
12 sought exists.  See Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995).  Thus, to obtain relief
13 under Rule 56(d), the party seeking the continuance must show: (1) that they have set forth in
14 affidavit form the specific facts that they hope to elicit from further discovery; (2) that the facts
15 sought exist; and (3) that these sought-after facts are essential to resist the summary judgment
16 motion.  See Campbell, 138 F.3d at 775.

17        Plaintiff fails to meet his burden in showing the court that he acted diligently in
18 attempting to obtain these documents during discovery.  According to the scheduling order issued
19 in this case, discovery was originally open until March 1, 2013 (Doc. 18).  Plaintiff requested and
20 received additional time to conduct discovery, and the discovery cutoff date was extended to
21 October 1, 2013 (Doc. 28).  In the order granting the extension of time, the court specifically
22 stated that the discovery deadline, including any motions to compel, is extended to October 1,
23 2013.  Plaintiff timely filed his first motion to compel (Doc. 29).  He then requested and received
24 additional time to file a reply to the defendants' opposition, but no such reply was received by the
25 court.  He then filed his second motion to compel (Doc. 35) on December 9, 2013, well past the
26 extended discovery cutoff date.  The first time he raises the issue of the 'informational kites' is in

this second motion to compel. No where does he show that he had asked for these documents prior to the end of discovery, that he requested additional time to do so if it was needed, or that there was some reason why he could not request the documents in a timely fashion. Attempting to compel production of documents which were never formally requested is insufficient to show due diligence, especially where the belated motion to compel is filed after the extended discovery cutoff date.

In addition, plaintiff fails to set forth how these documents, if he were to obtain copies of them, would provide him the facts necessary to defeat summary judgment. He simply makes conclusory statements in his affidavit that these documents are "imperative of plaintiff establishing a 'material issue of factual dispute,' in relation to the instant claims, and [] entitles plaintiff to relief as a matter of law." (Motion, Doc. 36 at 3). Such a conclusory statements fails to set forth the specific facts plaintiff hopes to elicit from the additional discovery.

Therefore, the undersigned finds plaintiff fails to meet his burden for additional time to conduct discovery under Rule 56(d). Plaintiff will, however, be provided time to respond to the pending motion for summary judgment.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel (Docs. 29, 35) are denied;

2. Plaintiff's motion for further discovery under Rule 56(d) is denied; and

3. Plaintiff may file an opposition to the pending motion for summary judgment, if any, within 30 days.

DATED: April 25, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE